NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BERNARDO ELOTLAN-RIVERA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 15-72658

Agency No. A200-553-251

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**

Before: FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Bernardo Elotlan-Rivera, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v.*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The BIA found that Elotlan-Rivera failed to establish that being a returnee to Mexico or a person who resists gang recruitment were cognizable social groups. The BIA did not err in its determination. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 919 F.2d 1169, 1175 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group).

Substantial evidence supports the agency's determination that Elotlan-Rivera failed to demonstrate that the harm he fears in Mexico would be on account of a protected ground, including his religion. *See INS v. Elias-Zacarias*, 502 U.S. 478,

2                                                          15-72658

483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial," emphasis in original); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Elotlan-Rivera's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Elotlan-Rivera failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture established).

The record does not support Elotlan-Rivera's contentions that the agency failed to consider evidence or otherwise erred in its analysis of his claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**

3                                                      15-72658